12 CV 7020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Maurice M. Morris

Plaintiff

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

SGT. Christophe Moran

Officer Steven Ramirez,

DeFenDANTS

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☑ Yes   ☐ No

(check one)

RECEIVED
SDNY PRO SE OFFICE
2012 SEP 13 P 3 25

**I.   Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff      Name   Maurice M. Morris
               ID #   1411201891
               Current Institution   Rikers Island
               Address   1600 Hazen St
               E-Elmhurst, N.Y. 11370

B.   List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

*Rev. 05/2007*                                         1

Defendant No. 1    Name _Christophe Moran_    Shield # 935348
Where Currently Employed _83rd precinct_
Address _Brooklyn N.y_

Defendant No. 2    Name _Steven Ramirez_    Shield # 947829
Where Currently Employed _83rd precinct_
Address _Brooklyn, N.y._

Defendant No. 3    Name _____    Shield #_____
Where Currently Employed _____
Address _____

Defendant No. 4    Name _____    Shield #_____
Where Currently Employed _____
Address _____

Defendant No. 5    Name _____    Shield #_____
Where Currently Employed _____
Address _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _____

B.    Where in the institution did the events giving rise to your claim(s) occur? _____

C.    What date and approximate time did the events giving rise to your claim(s) occur? _____

D.   Facts: _SEE Attached ADDenduM_

**What happened to you?**

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_SEE Attached ADDenduM_

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ___   No ___ I Was committed to Jail as a result of an unlawful exercise of an officer's oRigenal duties

*Rev. 05/2007*

# ADDENDUM

On Feb. 3, 2012 I was arrested for possession of a weapon. Before my arrest I was a few blocks away from a precinct to hand the weapon over to the police so I can collect money for it. But I was stopped by Steven Ramirez Christophe Moran and other unknown Officers, when stopped guns were drawn and I was asked to freeze. I did as I was told & I put my hands in the air, when I was relieved of the weapon I was handcuffed and thrown to the floor on the floor I was kicked in the face plus punched & kicked several times in my head & body areas. My face was scraped on concrete I was maced & kicked some more in the stomach. I was then picked up while being called black nigger mother fucker we got your stupid ass and you gonna pay. I was then tased several times in the back.

before placed in the police car.
Upon arrival at the police
station I stood before the
desk sgt. and he was suprised
to see me in the condition
I was in, he then asked ~~his~~
Officer Ramirez what happen
to me, Officer Ramirez then replyed
you know the usual routine.
I then was taken to the
holding cells still handcuffed
I was place in one of them.
I re-exited the cell to have
the handcuffs removed only to
be pushedback inside maced and
beaten again for the ~~third~~ third
time only this time on camrea.
I dont know but I remember
laying down & closing my eyes
for what seem to be or
feel like eternity before the
Ems took me to the hospital.

I have exhibits/pictures of the
altercation that took place with me
and the officers. "Whenever Needed"

# VIDEO BEATDOWN

## Cop said 'resisting arrest,' but tape in $25M suit shows kick in back

**EXCLUSIVE**

**BY JOHN MARZULLI**
NEW YORK DAILY NEWS

A 21-YEAR NYPD detective is under scrutiny this week for giving an unarmed, wanted man a "Gestapo-like" beating — and then allegedly evading questions about the 2008 incident.

Detective David Gross swore that Neal Malangone had assumed a "boxer's stance," refused "six or seven" orders to get down, and flailed his arms, leaving him no choice but to use brutal force against the man.

The problem for Gross is that virtually none of that story appears to be true.

On the morning of Sept. 21, 2008, Malangone, 27, was being trailed by cops for allegedly throwing a garbage can through his mother-in-law's window a few weeks earlier. Gross and two partners followed Malangone, eventually cornering him in the vestibule of a Chase bank on Woodhaven Blvd. in Queens.

A surveillance video from the bank shows Gross entering the ATM lobby with his gun drawn and what appears to be a baton in his other hand. Malangone immediately raised his hands, palms-up, then put his arms down, walked to the middle of the lobby and appeared to be lowering himself to the floor when Gross kicked him in the upper back.

When Malangone rose, there was a bloody trail on the floor and the side of his face was streaked with blood.

"It's hard to get more blatant than this," said Malangone's lawyer, Ilya Novofastovsky, who has filed a $25 million lawsuit in Brooklyn Federal Court against the city, Gross, and Gross' partners, Detectives Angel Lopez and Jaime Arroyo.

"(Malangone) raised his arms and immediately tried to get on the floor," Novofastovsky said. "It seems like they ran in there with the intention to hurt him.

"It was heavy-handed from the get-go," the lawyer added. "It's almost Gestapo-like."

Gross is scheduled to take the witness stand in his own defense Tuesday at the



Bank vid shows Detective David Gross (l.) apparently beating Neal Malangone.

NYPD trial room in Police Headquarters to explain the incident. He had earlier refused to plead guilty and be docked 10 days' pay. If found guilty now, he could lose one month of salary.

Furthermore, the city will not pay to defend Gross in the civil suit if he is found guilty in the departmental hearing.

Gross has received many departmental awards, but he also has been a defendant in at least two other federal lawsuits, including a case in which he was sued for firing 15 shots at a teen armed with a toy gun. Gross was cleared of wrongdoing by the Brooklyn district attorney and the NYPD. The lawsuit was settled in 2000 for $250,000, according to the city.

Detectives Endowment Association lawyer James Moschella called Gross a highly decorated cop who could have retired by now with a tax-free pension. He refused to plead guilty because he believes the charges are wrong, the lawyer said.

"Malangone caused the confrontation," Moschella said. "Gross thought this guy was about to punch him in the face."

Moschella conceded that Gross' guilt struck the suspect in the head "unintentionally" while he was trying to subdue him.

Novofastovsky said that without the video, the detective would have gotten away with bloodying Malangone's head.

*jmarzulli@nydailynews.com*

**ONLINE ONLY!**
watch the video »
NYDailyNews.com

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _Rikers Island_

_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)? _____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.   Which claim(s) in this complaint did you grieve? _____

_____

2.   What was the result, if any? _____

_____

3.   What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____

_____

_____

_____

_____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here: _____

_____

_____

_____

_____

2.   If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any:

*N/A*

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*N/A*

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.   **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). Plaintiff Demans the amount of (3,000,000) Three million dollars in compensatory damages and (2,000,000) two million in punitive damages. Plaintiff also request order the Courts to direct the defendants to serrender to the Courts bank accounts Pass ports, portfolio, Stocks, titles of Properties to be deposited in an escrow account until final determination of this action

**VI.**    **Previous lawsuits:**

<div style="float:left; border:1px solid #000; padding:4px">On these claims</div>

**A.**    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____    No __✓__

**B.**    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case _____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____    No _____
      If NO, give the approximate date of disposition _____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="float:left; border:1px solid #000; padding:4px">On other claims</div>

**C.**    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No __✓__

**D.**    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case _____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____    No _____
      If NO, give the approximate date of disposition _____

*Rev. 05/2007*                                6

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 22 day of July, 2012

Signature of Plaintiff    Maurice M. Morris

Inmate Number            141120189

Institution Address      1600 Hazen St

                         E-Elmhurst, Ny 11370

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 22 day of July, 2012, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:

*Rev. 05/2007*

7



NEW YORK CITY DEPARTMENT OF CORRECTION
**Dora B. Schriro, Commissioner**

**Archana Jayaram, Associate Commissioner**
Programs and Discharge Planning Services
75-20 Astoria Boulevard
East Elmhurst, NY 11370

718 • 546 • 0450
Fax 718 • 278 • 6430

**DATE:**     June 21, 2011

**TO:**        All Legal Coordinators

**FROM:**    Larry J. Triplett, Deputy Director of Law Libraries

**SUBJECT: Immigration Detainer/48 Hour Rule**

---

     I have forwarded the enclosed State Writ of Habeas Corpus (again) in the hopes of clarifying any misconceptions there may be as to the procedure an inmate may have available to him/her – when there is no warrant - or detainer issued by a criminal justice agency (or court) directing the DOC to hold said individual. The petition specifically cites to the **forty-eight (48) hour rule** ... at Title 8 of the Code of Federal Regulations (8 CFR Section 287.7).

UNITED STATES POSTAGE
$ 02.50
02 1R
000655172 3    SEP 09
MAILED FROM 4 ZIP CODE

Maurice Morris 141-12-01891
1600 Hazen Street
E. Elmhurst 11370
4L

United States District Court

500 Pearl Street, Room 230

New York New York

10007



USM
SDNY

2012 SEP 13 P 3 24
RECEIVED
PRO SE OFFICE