UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

MAURICE M. MORRIS,

                Plaintiffs,

     – against –

CHRISTOPHE MORAN and STEVEN
RAMIREZ,

                Defendants.

------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2014

12 Civ. 7020 (TPG)

**OPINION**

Before the court is pro se plaintiff Maurice M. Morris' motion to appoint counsel on his behalf. For the following reasons, the motion is denied.

## The Complaint

Morris alleges that he was arrested for possession of a weapon while en route to relinquish that weapon at his local police precinct. He claims that Officer Steven Ramirez and Sergeant Christophe Moran kicked him in the face and punched his body several times after they obtained control of the weapon. Morris also alleges that the officers sprayed him in the face with mace and kicked him in the stomach after putting him in the back of the police car and then assaulted him again after placing him in a holding cell at the police precinct. He asserts that the beating at the precinct was captured by security cameras and that he possesses photos "of the altercation."

Morris filed suit on September 13, 2012. However, the case stalled because Morris has not provided medical releases as directed by the court in an order dated September 23, 2013.

## Appointment of Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent any person unable to afford counsel. Unfortunately, as the Courts of Appeals have recognized, the pool of volunteer lawyers from which district courts may draw is very limited, and appointment of counsel must be reserved for those cases that cannot be fairly tried without counsel. See Hodge v. Police Officers, 802 F.2d 58, 59 (2d Cir. 1986). In light of this fact, the Second Circuit has identified a series of factors that a district court should consider when evaluating a motion for appointment of counsel.

Of course, a district court must give reasonable consideration to the plaintiff's claims, including the nature of the factual issues presented. See id. at 60. If the claims presented will require a complicated investigation of complex facts, an unrepresented plaintiff may be unable to thoroughly prepare his case, which mitigates in favor of appointing counsel. See id. at 61. Similarly, if conflicting evidence suggests that substantial cross-examination will be needed, appointment of counsel may be merited.

Additionally, the Second Circuit has interpreted the statute to require that the plaintiff be unable to obtain counsel "before appointment will even be considered." Id. Plaintiff must show that he has made a "reasonably diligent

effort under the circumstances." Jenkins v. Chem. Bank, 721 F.2d 876, 880 (2d Cir. 1983).

## Discussion

At this stage in the proceedings, Morris's case does not warrant court-appointed counsel. Morris has not yet released his medical records or provided photos showing the injuries he received. Without these releases, Corporation Counsel is unable to investigate the officers' behavior and determine whether the City will represent the defendant officers, in accordance with General Municipal Law § 50(k).

Moreover, assuming Morris is likely to prevail on his claims, the case does not appear to be particularly complex. If, as Morris asserts, he has photographs showing the extent of his injuries and there is a video of the altercation at the police precinct, the critical pieces of evidence are either already in his possession or available to him. The lack of counsel does not appear likely to impede his ability to prosecute this case.

Finally, Morris states, without providing details, that he has contacted different law firms. Given this limited information, the court is not able to ascertain whether he has made a reasonably diligent effort to obtain the kind of attorney who would take his type of case.

## Conclusion

In light of these factors, Morris's motion to appoint counsel is denied. Morris is directed to provide medical releases to Corporation Counsel so that

the case may progress toward resolution. If, in the future, it becomes apparent that Morris's case will require more factual investigation or more complicated legal analysis, the court will reconsider appointing counsel.

SO ORDERED.

Dated: New York, New York
       March 14, 2014

Thomas P. Griesa
U.S. District Judge